12-4997-cv
Beljakovic v. Melohn Properties, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 20th day of November, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             REENA RAGGI,
             RICHARD C. WESLEY,
                  *Circuit Judges.*
_____

MIODRAG BELJAKOVIC,

                  *Plaintiff-Appellant*,

             -v-                                        12-4997-cv

MELOHN PROPERTIES, INC.,

                  *Defendant-Appellee*.
_____

Appearing for Appellant:     Miodrag Beljakovic, *pro se*, Elizabeth, N.J.

Appearing for Appellees:     Harry Mark Weinberg, Law Offices of Harry Weinberg,
                             New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Furman, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellant Miodrag Beljakovic, proceeding *pro se*, appeals from a November 7, 2012 Order confirming an arbitration award in favor of his former employer, Appellee Melohn Properties, Inc., as to Appellant's age discrimination claims, brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

The Labor Management Relations Act § 301, 29 U.S.C. § 185, confers upon the federal courts jurisdiction over contract disputes between an employer and a labor union; however, it provides no procedure for confirming or vacating an arbitration award resolving such a dispute. Courts have, in the past, turned to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, for guidance about arbitration enforcement conducted under § 301. *See United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 40 n. 9 (1987).

Pursuant to the FAA, district court review of an arbitration is highly deferential, *see Fahnestock & Co. v. Waltman*, 935 F.2d 512, 515 (2d Cir. 1991), and a district court may vacate an arbitration award only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrator[] . . . ;
>
> (3) where the arbitrator[ was] guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrator[] exceeded [his] powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a); *see also Jock v. Sterling Jewelers Inc.*, 646 F.3d 113, 121 (2d Cir. 2011). "The showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsys. Corp.*, 103 F.3d 9, 12 (2d Cir. 1997). When we review a district court judgment confirming an arbitration award, we review legal conclusions *de novo*, and findings of fact for clear error. *See Pike v. Freeman*, 266 F.3d 78, 86 (2d Cir. 2001).

An independent review of the record and relevant case law demonstrates that the district court properly rejected Appellant's arguments for vacatur of the arbitration award and correctly confirmed the award in favor of the Appellee. We therefore affirm, for substantially the reasons

2

set forth in the district court's thorough and well-reasoned order. We have examined Beljakovic's remaining contentions, and find them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3